IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW QUIRIN,                )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )   Civil Action No. 15-159J
CAROLYN W. COLVIN,            )
ACTING COMMISSIONER OF        )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 20th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability

to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on November 21, 2012, alleging disability beginning on December 30, 2011, due to a herniated disc and depression. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on December 4, 2013, at which plaintiff appeared and testified while represented by counsel. On January 15, 2014, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 8, 2015, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 43 years old on his alleged onset date, and is classified a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a construction worker, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of lumbar degenerative disc disease, lumbar disc extrusion at L2-3, depressive disorder and anxiety; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform light work a number of additional limitations. Plaintiff requires the opportunity to alternate between sitting and standing every two hours, and he only can stand and walk a total of four hours in an

AO 72
(Rev. 8/82)

eight-hour workday. Plaintiff also is limited to occasionally bending, balancing, crouching, stooping and climbing ramps and stairs, but he is precluded from kneeling, crawling and climbing ladders, ropes and scaffolds. In addition, plaintiff should avoid concentrated exposure to workplace hazards. Further, plaintiff is limited to simple, routine tasks that involve no more than simple, short instructions and simple work-related decisions with few workplace changes, but he is precluded from working at a fixed production rate or pace. Finally, plaintiff is limited to occasional contact with supervisors, co-workers and the public (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a garment sorter, paper pattern folder or folder. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5)

if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence for the following reasons: (1) the ALJ failed to properly weigh certain medical opinions and incorporate them into the RFC Finding; (2) the hypothetical question posed to the vocational expert was incomplete; and (3) the ALJ did not properly evaluate plaintiff's credibility. For reasons explained below, each of these arguments is without merit.

Plaintiff first argues that the ALJ failed to properly weigh the medical opinions of Dr. Fidelis Ejianreh, who was his primary care physician, Myranda Martin, who was a physician's assistant, and J.C. Burkett, who was a physical therapist. After reviewing the record, we conclude that the ALJ fully considered and properly weighed the opinion evidence in this case.

Dr. Ejianreh completed a residual functional capacity questionnaire on which he indicated, inter alia, that plaintiff could sit four hours and stand/walk four hours per workday, but he would need to shift positions between sitting and standing. (R. 669). Dr. Ejianreh also indicated that plaintiff would need to recline or lie down during the workday and he would need to take unscheduled breaks every 15-20 minutes. (R. 669). The ALJ gave Dr. Ejianreh's opinion partial weight because she found that the evidence supports a back impairment which requires plaintiff to change positions, but Dr. Ejianreh's treatment records do not document plaintiff's need to recline or take frequent work breaks. (R. 73).

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Under this standard, the ALJ properly determined that Dr. Ejianreh's opinion was entitled to partial weight.

The ALJ properly rejected Dr. Ejianreh's opinion that plaintiff purportedly needed to recline during the workday and take frequent breaks. As the ALJ explained, Dr. Ejianreh's treatment records do not document such extreme limitations or otherwise offer any support for restrictions involving reclining and taking frequent breaks. (R. 73, 589-93, 672-76, 679-84, 846-47, 858-59). Because Dr. Ejianreh's opinion regarding plaintiff's purported need to recline and take frequent breaks was not well supported, the ALJ was not obliged to accept that aspect of Dr. Ejianreh's opinion or account for it in the RFC Finding. However, to the extent that the ALJ partially credited Dr. Ejianreh's opinion, she incorporated into the RFC Finding Dr. Ejianreh's determination that plaintiff only could stand and walk four hours per workday, as well as his assessment that plaintiff must periodically alternate between sitting and standing. Accordingly, the court finds no error in the ALJ's consideration and weighing of Dr. Ejianreh's opinion.

Plaintiff next argues that the ALJ erroneously gave limited weight to the opinions proffered by physical therapist Burkett and physician's assistant Martin. Plaintiff is incorrect.

In assessing opinion evidence, the ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists. 20 C.F.R. §§404.1513(a), 416.913(a). The ALJ also may consider evidence about a claimant's impairments and ability to work from other sources who are not deemed an "acceptable medical source," such as a physical therapist, like Mr. Burkett, or a physician's assistant, like Ms. Martin. 20 C.F.R. §§404.1513(d)(1), 416.913(d)(1).

AO 72
(Rev. 8/82)

Social Security Ruling ("SSR") 06-03p clarifies how opinions from sources who are not "acceptable medical sources" should be considered. See SSR 06–03p, 2006 WL 2329939, at *1. SSR 06-03p explains that opinions from treatment providers who are not "acceptable medical sources" may be used to show the severity of an impairment and how it affects an individual's ability to function. Id. at *2. When evaluating evidence from these sources, the Ruling suggests consideration of the same factors as are used to evaluate evidence from acceptable medical sources, including the following: the nature and extent of the relationship between the source and the individual; how well the source explains the opinion; the source's area of specialty or expertise; the degree to which the source presents relevant evidence to support her opinion; whether the opinion is consistent with other evidence; and any other factors that tend to support or refute the opinion. Id. at **4-5. SSR 06-03p also explains that "[n]ot every factor for weighing opinion evidence will apply in every case," id. at *5, but the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a . . . subsequent reviewer to follow the [ALJ's] reasoning . . . ." Id. at *6.

Here, the ALJ's decision makes clear that she considered and evaluated Mr. Burkett's and Ms. Martin's opinions. After first noting that neither Mr. Burkett nor Ms. Martin are "acceptable medical sources," the ALJ nonetheless evaluated their opinions and concluded each one was entitled to limited weight. (R. 73-74). The ALJ based her determination on the fact that Mr. Burkett's and Ms. Martin's respective findings set forth on the form reports they completed are not supported by the treatment records because there is not any clinical or objective evidence to support the extreme restrictions they identified. (R. 74). Not only did the ALJ consider Mr. Burkett's and Ms. Martin's respective opinion as required by SSR 06-03p and specify that each was entitled to limited weight,

AO 72
(Rev. 8/82)

the ALJ also provided sufficient explanation to ensure that a subsequent reviewer could follow her reasoning. In that regard, the ALJ's decision makes clear that she gave limited weight to these opinions because they were not well explained, neither practitioner supported his or her opinion with relevant evidence and the opinions were inconsistent with other record evidence, all of which are factors properly considered in accordance with SSR 06-03p.

For the reasons discussed, we find that the ALJ properly considered and weighed the medical opinion evidence in this case. Further, we note that although the ALJ assigned only partial weight to Dr. Ejianreh's opinion and limited weight to the opinions proffered by Mr. Burkett and Ms. Martin, she nonetheless gave plaintiff the benefit of the doubt in crafting the RFC Finding by sharply restricting plaintiff to accommodate his credibly established physical limitations. Consequently, we find no error in the ALJ's analysis of plaintiff's residual functional capacity, despite plaintiff's claim to the contrary.

Plaintiff also argues that the ALJ's hypothetical question to the vocational expert was incomplete because it did not include all of the limitations identified by Dr. Ejianreh, Mr. Burkett and Ms. Martin. As discussed above, the ALJ properly weighed their opinions and incorporated into the RFC Finding the limitations that were supported by the medical evidence as a whole, thus there was no need for the ALJ to incorporate any unsupported limitations they identified in the hypothetical question.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations resulting from his impairments that were supported by the evidence of record, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's

testimony to conclude that plaintiff can perform work that exists in the national economy.

Plaintiff's final argument - that the ALJ did not properly evaluate his credibility concerning his subjective complaints of pain - also is without merit. As required by the Regulations, the ALJ evaluated plaintiff's credibility by considering all of the relevant evidence in the record, including plaintiff's own statements about his symptoms and limitations, his activities of daily living, the extent of plaintiff's treatment,[2] the medical evidence of record and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's testimony regarding his pain and limitations was not entirely credible. (R. 71). This court finds that the ALJ adequately explained the basis for her credibility determination, (R. 71-74), and is satisfied that such determination is supported by substantial evidence. See Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony).

---

[2] Plaintiff contends that the ALJ found his testimony not entirely credible primarily based on his activities of daily living and lack of aggressive treatment. To the contrary, those were just two factors the ALJ properly considered, in conjunction with the objective medical evidence and the medical opinion evidence, in assessing the overall credibility of plaintiff's subjective complaints.

AO 72
(Rev. 8/82)

In conclusion, after carefully and methodically considering the medical evidence in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Paul B. Eaglin, Esq.
Olinsky Law Group
300 S. State Street, Suite 420
Syracuse, NY 13202

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 200, Penn Traffic Building
Johnstown, PA 15901